UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA     PLAINTIFF

FILED
JAMES J. VILT, JR. - CLERK
JUL 23 2024
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

v.     CRIMINAL NO. 4:23-CR-00034-GNS

DAVID SMITH     DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, David Smith, and his attorneys, William Butler, and Jacqueline Mayer, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 933(a)(1). Defendant further acknowledges that the Indictment in this case seeks forfeiture of those items listed in the Bill of Particulars (DN 15) pursuant to Title 18, United States Code, Sections 924(d), 934, and Title 28, United States Code, Section 2461, by reason of the offenses charged in the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1: Firearms Trafficking, and Count 2: Dealing in Firearms Without a License in this case. Defendant will plead guilty

because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

> Beginning on or about June 1, 2023, and continuing to on or about September 14, 2023, in the Western District of Kentucky, Muhlenberg County, Kentucky, the Defendant transferred or otherwise disposed of a firearm, specifically the following:
>
> - Taurus, model PT111 G2A, nine-millimeter semiautomatic pistol, bearing serial number 1C041452;
> - Ruger, model Ruger-57, 5.7 caliber semiautomatic pistol, bearing serial number 64366350;
> - Glock GMBH, model 23, .40 caliber semiautomatic pistol, bearing serial number VMM253;
> - Taurus, model G3, nine-millimeter semiautomatic pistol, bearing serial number ACC665419;
> - Taurus, model G3, nine-millimeter semiautomatic pistol, bearing serial number ABD508310;
> - Taurus, model G2C, nine-millimeter semiautomatic pistol, bearing serial number TLN39839;
> - Taurus, model G2C, nine-millimeter semiautomatic pistol, bearing serial number ABD520817;
> - Taurus, model G2, nine-millimeter semiautomatic pistol, bearing serial number TJR47711;
> - Taurus, model G2S, nine-millimeter semiautomatic pistol, bearing serial number TMC98198;
> - Taurus, model PT111 G2, nine-millimeter semiautomatic pistol, bearing serial number TIW97574;
> - Taurus, model PT111 G2A, nine-millimeter semiautomatic pistol, bearing serial number ACC642524;
> - Taurus, model PT111 G2A, nine-millimeter semiautomatic pistol, bearing serial number TLN47208;
> - Taurus, model G3C, nine-millimeter semiautomatic pistol, bearing serial number ACM695044
>
> to a confidential source who the Defendant had reasonable cause to believe that the use, carrying, or possession of the firearm by that person would constitute a felony. The parties would stipulate that the above firearms had been manufactured outside the state of Kentucky and therefore had traveled in interstate commerce.
>
> Additionally, beginning on or about June 1, 2023, and continuing to on or about September 14, 2023, in the Western District of Kentucky, Muhlenberg County, Kentucky, the Defendant was not a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, and willfully engaged in the business of selling firearms to other individuals.

4.  Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of twenty (20) years imprisonment, a combined maximum fine of $500,000, and a combined maximum term of supervised release of three (3) years, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit all the property listed in the Bill of Particulars (DN 15).

5.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.  Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

   A. If Defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt.

   B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against Defendant. The Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence in his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   C. At a trial, Defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If Defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the

sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Indictment counts to which he pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $100 per count for felony offenses involving individuals, for a total of $200 to be paid to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States and the defendant agree to the following:

> -agree that the Court should sentence the Defendant to no more than 41-months in prison.
>
> -agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]
>
> -agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.
>
> -demand forfeiture of all property listed in the Bill of particulars (DN 15).

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

      A.    The Applicable Offense Level should be determined by the Court after completion of the presentence investigation report pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the total offense level determined in the PSR.

      B.    The Criminal History of Defendant shall be determined upon completion of the presentence investigation report pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of Defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

      C.    The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The Defendant understands the Court will independently calculate the Guidelines at sentencing and Defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12.    Defendant agrees to the following waivers of appellate and post-conviction rights:

    A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

    B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

  C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the Defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The Defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in those assets listed in the Bill of Particulars (DN 15).

14. By this Agreement, Defendant agrees to forfeit all interests in the properties listed in the Bill of Particulars (DN 15) and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant agrees to waive any double jeopardy challenges that Defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that Defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

16. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

17. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

18. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning Defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of Defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

20. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture by the Commonwealth of Kentucky or the United States), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

21. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the Defendant may be detained pending sentencing.

22. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void

and neither party shall be bound thereto, and Defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense, dismissal of other charges, or the sentencing "ceiling", are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated, and Defendant waives any double jeopardy rights he may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

23. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

24. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or

will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____        _____
Mark J. Yurchisin II                                              Date 7/23/24
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorneys. I fully understand it and I voluntarily agree to it.

_____        _____
David Smith                                                        Date 7.23.2024
Defendant


We are the Defendant's counsel. We have carefully reviewed every part of this Agreement with the Defendant. To our knowledge our client's decision to enter into this Agreement is an informed and voluntary one.

_____        _____
William Butler                                                     Date 7/23/2,
Jacqueline Mayer
Counsel for Defendant

MAB:MJY

10